## UNITED STATES v. MOORE.

1. The words, "after date of appointment" and "from such date," which occur in sect. 1556 of the Revised Statutes, fixing the annual pay of passed assistant-surgeons of the navy, refer not to the original entry of the officer into the service as an assistant-surgeon, but to the notification by the Secretary of the Navy that he has passed his examination for promotion to the grade of surgeon, and will thereafter, until such promotion, be considered as a passed assistant-surgeon.

2. A passed assistant-surgeoncy is an office, and the notification of the Secretary of the Navy is a valid appointment to it.

APPEAL from the Court of Claims.

This was an action in the Court of Claims by Andrew M. Moore against the United States, to recover certain pay which he alleged was due him as an officer in the navy.

That court found the following facts: —

1. On the 12th of April, 1869, the claimant was appointed and commissioned an assistant-surgeon in the navy of the United States.

2. On the 24th of February, 1874, after examination, he was found qualified for promotion to the grade of surgeon. He was, on the following day, notified by the Secretary of the Navy that the report of the board of examiners, before whom he had appeared for examination, was approved by the department, and that from that date he would be regarded as a passed assistant-surgeon; and from that date up to the date of the institution of this suit, May 3, 1876, he received pay as passed assistant-surgeon in the first five years after appointment as such.

3. From the 12th of April, 1874, till May 3, 1876, the claim-ant's service was as follows: On shore-duty, four hundred and thirty-eight days, for which he was paid at the rate of $1,800 per annum; on leave or waiting orders, three hundred and twenty-three days, for which he was paid at the rate of $1,500 per annum.

Upon the foregoing facts the court, being equally divided in opinion, held pro forma, for the purposes of an appeal, that the claimant was entitled to the rate of pay established by law for a passed assistant-surgeon, after five years from the date of

appointment; that is to say, when on shore-duty, at the rate of $2,000 per annum, and when on leave or waiting orders, at the rate of $1,700 per annum; and that the claimant was therefore entitled to receive, for the seven hundred and sixty-one days specified, the additional sum of $409.95, for which judgment was entered.

The United States appealed.

*Mr. Assistant Attorney-General Smith* for the United States. *Mr. John B. Sanborn* and *Mr. Charles King,* contra.

Mr. JUSTICE SWAYNE delivered the opinion of the court.

On the 12th of April, 1869, the appellee was appointed an assistant-surgeon in the navy of the United States. On the 24th of February, 1874, he was examined for promotion to the grade of surgeon. On the following day, he was notified by the Secretary of the Navy that the report of the board of examiners was approved by the department, and that from that date he would be regarded as a passed assistant-surgeon. From that time up to the institution of this suit he received the pay fixed by law for passed assistant-surgeons during the first five years after their appointment as such.

The statutes of the United States provides as follows:—

" The active list of the medical corps of the navy shall consist of fifteen medical directors, fifteen medical inspectors, fifty surgeons, and one hundred assistant-surgeons." Rev. Stat., sect. 1368. " No person shall be appointed surgeon until he has served as an assistant-surgeon at least two years on board a public vessel of the United States at sea, nor until he has been examined and approved for such appointment by a board of naval surgeons designated by the Secretary of the Navy." Id., sect. 1370. " The commissioned officers and warrant officers on the active list of the navy of the United States, and the petty officers, seamen, ordinary seamen, firemen, coalheavers, and employés in the navy, shall be entitled to receive annual pay at the rates herein stated after their respective designations." . . . " Passed assistant-surgeons, passed assistant-paymasters, and passed assistant-engineers, during the first five years after date of appointment, when at sea, $2,000; on shore-duty, $1,800; on leave or waiting orders, $1,500; after

five years from such date, when at sea, $2,200; on shore-duty, $2,000; on leave or waiting orders, $1,700." Assistant-surgeons, assistant-paymasters, and second assistant-engineers, during the first five years after date of appointment, when at sea, $1,700; on shore-duty, $1,400; on leave or waiting orders, $1,000; after five years from such date, when at sea, $1,900; on shore-duty, $1,600; on leave or waiting orders, $1,200." Id., sect. 1556.

The appellee claims that the phrases, " after date of appointment " and " from such date," touching passed assistant-surgeons, refer to the date of his original appointment, when he entered the service as assistant-surgeon, and not to the time of the notification by the Secretary of the Navy that he would thereafter be regarded as a passed assistant-surgeon. The question arising from these conflicting constructions is the one presented for our determination  The government entertains the latter view, and we think correctly. It has always heretofore obtained in the Navy Department.

The place of passed assistant-surgeon is an office, and the notification by the Secretary of the Navy was a valid appointment to it. *United States* v. *Hartwell*, 6 Wall. 385; Const. U. S., art. 2, sect. 2.

The context in which the phrases occur shows clearly that they relate to the appointment of passed assistants, and not to that of assistants who have not passed. The former are there expressly named and provided for. The latter are neither named nor alluded to. They belong to distinct classes, and separate and distinct provision is made for the pay of each.

According to the construction contended for by the appellee, if a passed assistant did not become such until ten years after he entered the service as an assistant, he would receive pay five years as a passed assistant before he reached that grade. This is a necessary consequence of the appellee's proposition, and sets its error in a strong light. Such a result could not have been intended by Congress. It would make the law in all such cases retrospective. A statute is never to be so construed as to have this effect, if it can be reasonably avoided. The presumption, until rebutted, is the other way. Sedgw. Const. 161 and notes.

The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration, and ought not to be overruled without cogent reasons. *Edwards* v. *Darby,* 12 Wheat. 210 ; *United States* v. *The State Bank of North Carolina,* 6 Pet. 29 ; *United States* v. *MacDaniel,* 7 id. 1. The officers concerned are usually able men, and masters of the subject. Not unfrequently they are the draftsmen of the laws they are afterwards called upon to interpret.

The appellee insists that he was not appointed by the Secretary of the Navy, because sect. 1369 of the Revised Statutes requires that " all appointments in the medical corps shall be made by the President, by and with the advice and consent of the Senate."

It is retorted, in effect, in behalf of the government, that this proposition, if sound, proves too much for the appellee's case; and that, if there was no appointment by the Secretary, then the appellee could not be a passed assistant-surgeon, because, in addition to the Secretary's notification, he was not nominated by the President and confirmed by the Senate.

There is certainly as much foundation for the second theory as for the first one ; but neither is correct. The place has every ingredient of an office, and, as we have seen, the appellee was legally appointed to it. The difficulty has arisen from the col. lators not having been careful to harmonize the language of the sections. Hence the seeming conflict. But the intention of Congress is clear, and that intention constitutes the law. A thing may be within the letter of a statute, and not within its meaning ; and it may be within the meaning, though not within the letter. *Slater* v. *Cave,* 3 Ohio St. 85 ; 9 Bac. Abr., pp. 244, 247, tit. Statute, I., 5 ; *United States* v. *Babbit,* 1 Black, 55. In cases like this, the construction should be such that both provisions, if possible, may stand. The clause in question was obviously as much intended to have effect as the section with which it is in seeming conflict. It may well be held to be an exception, though not so expressed, to the universality of the language of the latter. This obviates the difficulty, harmonizes the provisions, and gives effect to both. We cannot doubt that the phrases, " after date of appointment " and

"from such date," have reference to the action of the Secretary, and to nothing else.

*Judgment reversed, and cause remanded with directions to dismiss the petition.*