Davis, J.,
delivered the opinion of the court:
This is a claim by a marshal for mileage, at 6 cents a mile, earned, it is alleged, in serving warrants of commitment of criminals s'entenced to imprisonment in the penitentiary. The claim is made under the clause of section 829, Revised Statutes, which provides a fee of 6 cents a mile for “ travel, in going only, to serve any process, warrant, attachment, or other writ.” The fees have been denied plaintiff on the ground that 10 cents a mile had already been allowed him under another clause of the same section, which provides a fee of 10 cents a mile for “transporting criminals.” Prior to October, 1885, it had been the custom in the Treasury to allow charges such as those now claimed, but about that date the practice was changed, and the fee of 6 cents a mile for travel is no longer allowed. It appears, then, that for fifteen years the accounting officers consistently construed the statute as authorizing the payment to the marshal of the two fees — one for travel in the service of a warrant of commitment, the other for transporting the criminal named in the warrant. The effect of such long-continued construction has thus been stated by the Supreme Court. (Moore’s Case, 95 U. S. R., 760.)
*72 “ The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons. The officers concerned are usually able men and masters of the subject. Not unfrequently they are the draughtsmen of the laws they are afterwards called upon to interpret.”
The rule thus stated is, however, subject to the very material limitation thus formulated by the Supreme Court. (Graham's Case, 110 U. S. R., 219.)
“ In Temple’s Case it was said the language of the act of 1870 was so clear and explicit as not to be open to construction, and to our minds the same is true of the act of 1835. Under both acts all traveling expenses are to' be paid by mileage, and there is not in either of them any indication of an intention of Congress to make a distinction between travel by sea or on land, in foreign countries or in the United States. * * * Such being the case, it matters not what the practice of the Departments may have been or how long continued, for it can only be resorted to in aid of interpretation, and “ it is not allowable to interpret what has no need of interpretation.” If there were» ambiguity or doubt, then such a practice, begun so early and continued so long, would be in the highest degree persuasive if not absolutely controlling in its effect. But with language clear and precise, and with its meaning evident, there is no room for construction, and consequently no need of anything to give it aid.” (Swift, Courtney and Beecher Company's Case, 105 U. S. R., 691.)
We have, then, first to decide whether the statute is so ambiguous as to require interpretation; if so, the case falls under the decision in Moore’s Case, and the plaintiff will recover.
On the one hand the claim for mileage is within the strict letter of the law, for the plaintiff did travel, and he did deliver to the warden of the penitentiary a warrant of commitment, bin the other hand travel is a necessary incident of transporting, and it might well be argued that as the greater includes the less, so a larger fee for transporting would include a smaller fee for the travel incident thereto. Service, also, might technically be held to be the delivery of a writ to an individual with intent to compel his appearance in court as defendant or witness against his wish, and not to be the delivery by one officer of the law to another officer of the law of the court’s command which both are charged to execute. But the warden of the penitentiary is a State officer, while the marshal is a United *73 States officer, and while both are officers of the law, both are not subject to the same superior.
So it might be contended that Congress would not pay one fee for the complete service of transporting and an addi? tional fee for a portion of that service, the travel incident thereto} but, it might be urged, serving a warrant is not an incident of transporting, but a separate act for which a fee is fixed by law to be measured by the amount of travel, as there is a specific fee for the commitment of prisoners.
We think enough has been indicated in the line of possible argument to show at least that the statute is open to interpretation, that there is some ambiguity and the case falls within the principle enounced by the Supreme Court in the case already cited. Therefore, without stating what would be the opinion of this court did the case come here without the long-continued executive interpretation, but placing our decision entirely upon the rulings in Moore’s and Graham’s Oases, judgment will be entered for plaintiff in the sum of $128.16.