Williams, Judge,
delivered the opinion of the court:
The plaintiff, Laura W. Maxwell, sues to recover six months’ gratuity pay as the widow of Lieutenant William L. Maxwell, United States Coast Guard, retired, deceased.
Section 6, 32 Stat. 101, of the act of April 12, 1902, applicable to the Eevenue Cutter Sendee, and made applicable to the Coast Guard by section 3 of the act of January 28, 1915, 38 Stat. 802, provides:
“ That when a board finds that an officer is incapacitated for active service, and that his incapacity is the result of an incident of service, or is due to the infirmities of age, or physical or mental disability, and not his own vicious habits, and such decision is approved by the President, he shall be retired from active service and placed upon a retired waiting-orders list. Officers thus retired may be assigned to such duties as they may be able to perform, in the discretion of the Secretary of the Treasury.”
The act of June 4, 1920, 41 Stat. 824, the annual naval appropriation act, for the expenses of the Navy for the fiscal year ending June 30, 1921, contained the following provision :
“ That hereafter, immediately upon official notification of the death from wounds or disease, not the result of his or her own misconduct, of any officer, enlisted man, or nurse on the active list of the Regular Navy o.r Regular Marine Corps, or on the retired list when on active duty, the Paymaster General of the Navy shall cause to be paid to the widow, and if there be no widow, to the child or children, and if there be no widow or child, to any other dependent relative of such officer, enlisted man, or nurse previously designated by him or her, an amount equal to six months’ pay at the rate received by such officer, enlisted man, or nurse at the date of his or her death. The Secretary of the Navy shall establish regulations requiring each officer and enlisted man or nurse *731 having no wife or child to designate the proper dependent relative to whom this amount shall be paid in case of his or her death. Said amount shall be paid from funds appro-griated for the pay of the Navy and pay of the Marine Corps, respectively: Provided, That nothing in this section or in other existing legislation shall be construed as making .the provisions of this section applicable to officers, enlisted men, or nurses of any forces of the Navy of the United States other than those of the Regular Navy and Marine Corps, and nothing in this section shall be construed to apply in commissioned grades to any officers except those holding permanent or probationary appointments in the Regular Navy or Marine Corps: Provided, That the provisions of this section shall apply to the officers and enlisted men of the Coast Guard, and the Secretary of the Treasury will cause payment to be made accordingly.”
Section 17 of the act of June 10, 1922, 42 Stat. 632, as amended by the act of May 26, 1928, 45 Stat. 774, reads:
“ * * * Retired officers of the Army, Navy, Marine Corps, Coast Guard, and Coast and Geodetic Survey below the grade of brigadier general or commodore and retired warrant officers and enlisted men of those services shall, when on active duty, receive full pay and allowances, and when on active-duty status shall have the same pay and allowance rights while on leave of absence or sick as officers on the active list, and if death occurs when on active-duty status, while on leave of absence or sick, their dependents shall not thereby be deprived of the benefits provided in act approved December 17, 1919, as amended, and in the act of June 4. 1920. * * * ”
Lieutenant William L. Maxwell, deceased, was retired for physical disability, incident to the service and not the result of his own misconduct, effective July 31, 1915. He resumed active duty, under orders June 19, 1917, served during the World War, and under orders was returned to retired status December 27, 1919.
Under orders he reported to the commandant of the Coast Guard, and on March 1, 1926, was assigned to active duty and ordered to proceed to Boston, Massachusetts^ and report to the commander section base 5 for duty at that base. He reported to the commander at base 5, Boston, Massachusetts, March 6, 1926, remained there on active duty until September 1, 1927, he was, under orders, detached from base 5 *732 and directed to report to the commander New York division for duty on the Coast Guard court. He reported for duty as directed on September 7, 1927, was assigned to the permanent general and summary Coast Guard courts. He continued to be a member of said courts until his death, July 6, 1928.
On January 28, 1928, he was granted a thirty days’ sick leave, which sick leave was extended and continued until his death, in the naval hospital at Brooklyn, July 6, 1928.
The Comptroller General held that the deceased did not have an active-duty status of a retired officer of the Coast Guard at the time of his death, and that consequently ■ the plaintiff is not entitled to the six months’ death gratuity pay provided in the statutes above cited.
The question here turns on whether or not Lieutenant Maxwell, at the time of his death, was on “ active-duty status.”
We think his status is entirely a question of fact.
Secretary Mellon, in a letter of September 11, 1928, to the Comptroller General urging him to reconsider his decision rejecting the payment of this claim, expresses the views of the Treasury Department as to the “ status ” of Lieutenant Maxwell in the Coast Guard at the time of his death:
“ May I point out that while the act of May 26, 1928, provides that the retired officer shall receive full pay and allowances ‘ when on active duty ’ it makes the payment of the death gratuity contingent upon the death of the officer ‘ when on active-duty status.’ The act seems to me to emphasize the active-duty status of the officer at the time of his death.
“ The status of an officer must be that in which he is placed by competent authority. He can not, of his own volition, place himself in a sick-leave status or a retired status or an active-duty status. His status is officially fixed by the proper administrative officer of the service to which he belongs.
“ Lieutenant (E) Maxwell was placed on active-duty status by order of the Secretary of the Treasury dated February 23, 1926. His services were greatly needed and he performed important duty. Under date of January 28, 1928, the commandant of the Coast Guard granted this officer leave of absence on account of sickness and his sick leave continued until his death on July 6, 1928. Under date of *733 January 28, 1928, tbis officer’s wife in a telegram to Coast Guard headquarters stated 'doctors anticipate complete recovery and ability to carry on.’ The services of Lieutenant (E) Maxwell were greatly needed and Coast Guard headquarters was very anxious that he be able to resume his work at the earliest possible date. It is. pertinent to remark that the continuance of this officer on sick leave for a number of months and up to May 26, 1928, in no way conflicted with the views you have expressed in your letter to me August 28, 1928, because at that time under your decision of June 1, 1927, 6 Comp. Gen. 777, the officer was not entitled to receive active-duty pay.
“ When the act of May 26, 1928, above referred to, became effective it found Lieutenant (E) William L. Maxwell in an active-duty status, as I view the matter under orders from the Secretary of the Treasury. The fact that he had been on sick leave for a number of months is, in my judgment, no more of a determining factor than would be the case had he been performing his full duty up to and including May 26, 1928, and had happened to be sick and unable to perform his work on the one day, May 26, when the legislation was approved by the President.
“As the Secretar}’' of the Treasury, under date of February 23, 1926, placed the officer on active-duty status, and as the officer was not subsequently restored to a retired status by any competent authority, it appears to me that he was in active-duty status on May 26, 1928, and that his case therefore is specifically covered by the terms of the act of that date. In the interest of the widow of an officer of long and faithful service I request that you will reconsider your decision as set forth in your letter to Mr. Webb of August 28, 1928.”
While the opinion of the Secretary of the Treasury that Lieutenant Maxwell was on an active-duty status at the time of his death would not of itself be controlling, his views are entitled to great weight.
In United States v. Moore, 95 U. S. 760, the court said:
“ The construction given a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not be overruled without cogent reasons.”
The Secretary of the Treasury, in the exercise of a discretion vested in him by law, on February 23, 1926, placed Lieutenant Maxwell on active-duty status and he was as *734 signed by; proper authority to active duty in the United States Coast Guard.
The officer subsequent to that date was not restored to a retired status by any competent authority. Consequently we think he retained that status continuously until his death. He continued to be a member of the general Coast Guard court during his entire leave and until his death. On several occasions during this time officers from the court visited him at the hospital and brought with them papers which he signed.
We agree with the Secretary of the Treasury that “ the status of an officer must be that in which he is placed by competent authority. He can not of his own volition place himself in a sick-leave status or a retired status. His status is officially fixed by the proper administrative officer of the service to which he belongs.”
It is our opinion, therefore, that Lieutenant William L. Maxwell, retired, died when on active-duty status and while on leave of absence on account of sickness.
Plaintiff is entitled to recover and judgment in her favor is hereby entered.
LitxletoN, Judge; GeeeN, Judge; Geaham, Judge; and Booth, Chief Justice, concur.