### MOSHER v. HUDSPETH, Warden.
### Civil Action 645 H.C.

District Court, D. Kansas, First Division.
Feb. 13, 1941.

Wm. Humphrey Biddle, of Leavenworth, Kan., for petitioner.

S. S. Alexander, U. S. Dist. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for respondent.

HOPKINS, District Judge.

The action is one in habeas corpus. The petitioner is an inmate of the United States Penitentiary at Leavenworth, where he has been confined for approximately 20 years. He appeared personally in court and testified, and also with his counsel took part in the argument of his case. The petitioner and his counsel have exhibited tireless energy and labor on petitioner's behalf. Numerous briefs have been filed and consideration of the case postponed at petitioner's request.

The facts briefly and substantially are there:

The petitioner was a soldier in the United States Army of Occupation in Germany in 1920. He was tried by General Court Martial for two separate offenses, both in the year 1920. February 28, 1920, he was tried on a charge of violation of the 92nd Article of War (murder), 10 U.S.C.A. § 1564. He was found guilty and sentenced to life imprisonment. About June 19, 1920, he was tried by a second court martial on the charge of violation of the 96th and 93rd Articles of War (escape and robbery), 10 U.S.C.A. §§ 1568, 1565, was found guilty and sentenced to 15 years imprisonment. He was delivered to the United States Penitentiary at Leavenworth, Kansas, where he has been and is still confined.

It appears that petitioner's case or cases came before the Clemency Board in 1924. The report of that Board on April 15, 1924, shows: "Mosher is now serving a life sentence for murder at Leavenworth Penitentiary, effective May 24, 1920. There is also a sentence for fifteen years, adjudged against Mosher on July 17, 1920, for escape and robbery, 3 offenses. * * * In view of all the circumstances, it is recommended that so much of the life sentence in this case as exceeds thirty years, be remitted." From which it appears that while both sentences were before the Clemency Board for consideration, that Board recommended a commutation of the life sentence only to thirty years. This was approved and ordered by the President of the United States.

The warden at the penitentiary is holding this petitioner on the basis of a forty-five year sentence; under the contention that these two sentences are to run consecutively, and that the petitioner has to serve a full forty-five year sentence. The petitioner contends that the two sentences run concurrently, and that he has served the minimum sentence required under a thirty year sentence, which includes the fifteen year sentence, and that he is now eligible to be released.

There appears to be but one question involved, and that is whether or not the two sentences imposed by separate and distinct court martials run concurrently or consecutively.

While it is true generally under the federal statutes, where two or more sentences are imposed and nothing is stated as to whether they run consecutively or concurrently, they will be deemed to run concurrently. Yet in the instant case, the petitioner was tried, convicted and sentenced by court martial so that the sentences are governed by the military law rather than the common or statutory law.

A case in point is the case of Kirkman v. McClaughry, Warden, 8 Cir., 160 F. 436. In this case there were two separate trials before different court martials upon two distinct military charges, the same as here. The petitioner in that case was a captain in the regular army, and was convicted and sentenced to dismissal from the service and confinement at hard labor for stated terms in the penitentiary. The second trial was for offenses committed during an adjournment of the first. Neither sentence had been promulgated when the other was imposed, and neither contained any reference to the other. Different Articles of War were involved. After undergoing the confinement prescribed in the longer of the two terms, the petitioner filed application for release through habeas corpus.

The court, after stating the facts, held that the ordinary rules of common law did not apply, but that the court was bound by

the usages and customs of the military service, which control the proceedings of court martial. The court at page 439 of 160 F. states:

"On the contrary, we learn from recognized sources of authority that, in the military service, it is a well-established and long-continued practice to regard sentences of courts-martial, such as are here under consideration, as cumulative, and to execute them consecutively, one upon the expiration of another in the order of their imposition. Dig. Op. J.A. Gen., Ed. 1901, §§ 1479–1481, 2317; 1 Winthrop, Mil.Law, pp. 570, 603; Davis, Mil.Law, p. 161; Winthrop, Abridgment Mil.Law, Ed. 1904, p. 182. In the last work, Col. Winthrop says:

"'Where two sentences imposing terms of imprisonment are, in successive trials, adjudged the same offender, the second is cumulative, and may be, and—legally—is, fully executed upon the expiration of the term of the first.'

"And in the work of Lieut. Col. Davis it is said that such 'is the general rule of the service'; and this 'whether or not the court, in the second sentence, may have in terms specified that the second punishment should be additional to the first; such second punishment being made cumulative by operation of law irrespective of any direction in the sentence.' But it is insisted that we cannot give effect to this well-established and long-continued practice, because it is contrary to the terms of paragraphs 977 and 978 of the Army Regulations, supra, which make the date of the order promulgating the sentence of a court-martial, or the date of the action of the reviewing authority, as the case may be, the date when 'a term of confinement' shall begin, if the date be not expressly fixed by 'the sentence.' While the contention is not without some force, we cannot give it our approval. The paragraphs cited do not in terms relate to different sentences against the same offender, and the fact that, in the practical operation of the military law, such sentences are sometimes imposed by different courts-martial, without either court knowing the result of the trial before the other, as is illustrated in the present case, strongly suggests that these paragraphs were not intended to regulate the dates from which the confinement under a second sentence should be computed. At all events, such an interpretation of them cannot be said to be clearly erroneous, and as it is the interpretation actually put upon them for many years by

those who were called upon to act under them, as also by those who were charged with the duty of supervising their enforcement, it ought not now to be overturned. United States v. Moore, 95 U.S. 760, 763, 24 L.Ed. 588; United States v. Hill, 120 U.S. 169, 182, 7 S.Ct. 510, 30 L.Ed. 627; In re Brodie [8 Cir.], 128 F. 665, 63 C.C.A. 419, 425. Moreover, paragraph 981, supra, proceeds upon the theory that this interpretation of the other paragraphs is the true one, for it in terms declares that the second sentence will be executed upon the expiration of the first.

In 6 C.J.S. under Army and Navy, § 57, we find the following: "Under military law and army regulations different sentences to imprisonment imposed by courts-martial upon the same offender are cumulative, and are to be executed consecutively, one upon the expiration of another in the order of their imposition, and this is true whether or not the court specifies that the second punishment shall be additional to the first, such second punishment being made cumulative by operation of law irrespective of any direction in the sentence."

For an excellant discussion of the theory of the military law and why the courts follow that law, see the case of In re Grimley, Petitioner, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636. The opinion is by Justice Brewer.

The only other theory advanced by the petitioner is that since the first sentence imposed by court martial was for life, therefore, the second sentence imposed for fifteen years naturally had to run concurrently with the life sentence.

With this contention I cannot agree. It is inherent in any life sentence that the power to commute or the power to pardon is a part of the sentence. In the instant case, both sentences were before the Clemency Board for consideration; the life sentence only was commuted by the President to a term of thirty years. Hence, it appears the fifteen year sentence automatically must be served consecutively under the above authorities. It is common knowledge that in many instances several life sentences are imposed on persons, and it would be futile to say that if one of the life sentences was commuted or mitigated that the offender would automatically be released from service of the other life sentences imposed.

Another illustration that shows the fallacy of petitioner's construction of the two sentences may be found in 18 U.S.C.A. §

753h a federal statute providing for the punishment of prisoners escaping or attempting to escape from the Attorney General or his authorized representative. This statute provides the penalty for such escape or attempted escape and then contains the following clause:

"The sentence imposed hereunder shall be in addition to and independent of any sentence imposed in the case in connection with which such person is held in custody at the time of such escape or attempt to escape. If such person be under sentence at the time of such offense, the sentence imposed hereunder shall begin upon the expiration of, or upon legal release from, any sentence under which such person is held at the time of such escape or attempt to escape."

Therefore, if the reasoning advanced by the petitioner were followed, the above statute relating to escape would be ignored.

■ It is true that a sentence must be definite and certain, and it is the contention of the respondent that sentences in this case are definite and certain.

In the case of Wall v. Hudspeth, Warden, 10 Cir., 108 F.2d 865, 867, the court states: "The sentence in question here expressly provided in clear language that it should begin at the expiration of the one then being served, *which plainly meant that petitioner should commence serving it immediately at the expiration of the prior sentence, whether it expired by completion of the full term or by earlier termination in any other manner.* Such a provision is not objectionably uncertain and indefinite."

The practice of a court to state in a sentence that the said sentence shall be consecutively or concurrently served appears to be unknown in military judicial procedure, and under paragraph 401 of the Manual of Court Martial, 1917, we find the following:

"When soldiers awaiting the result of trial or undergoing sentence commit offenses for which they are tried, the second sentence will be executed upon the expiration of the first, except that when the first sentence involves hard labor without confinement, and the second sentence hard labor with confinement, the second sentence will take precedence. If a soldier, while awaiting the result of a trial that terminates in a sentence of confinement without dishonorable discharge, or while undergoing a sentence of confinement without dishonorable discharge, is tried for a further offense and sentenced to confinement without dishonorable discharge, the period of confinement imposed by the second sentence will be executed upon the expiration of the period of confinement imposed by the first; but if the second sentence imposes confinement with dishonorable discharge, the period of confinement on the first sentence will terminate upon the date of the approval of the second sentence, leaving to be executed only the confinement imposed by the second sentence." Extract, copy citations from Winthrop's Military Law and Precedents, 1920 Reprint, Paragraph 616.

"Cumulative Sentence, How to be Framed. Where a person, while under sentence of imprisonment, is again brought to trial and sentenced to a further measure of the same punishment, it is usual in the civil practice for the sentence to specify that the second imprisonment is to begin at the expiration of the first, indicating the date of such expiration.[72] At military law, however, it is not habitual, nor is it necessary, so to specify,[73] or otherwise to direct in terms that the second punishment, (of imprisonment, forfeiture, or suspension,) is to be executed as additional to or continuous upon the first. It is sufficient and almost invariable to frame such punishment in the usual form, as an independent sentence; the mere fact that a similar sentence is pending and being executed at the time determining of itself that the second sentence is to be treated not as concurrent but as a distinct additional penalty of which the execution is to commence upon the completion of the first, i. e. when the same is terminated by its due expiration, or by a remission on the part of the proper superior authority. The second sentence is thus made cumulative simply by operation of law.[74]

[72] See Wharton, C. P. & P. § 932; 1 Bishop, C.L. § 953.

[73] Recent instances in which it was done in the sentence are found in G. C. M. O. 24, 39, Dept. of Cal., 1885.

[74] Digest, 444, 698. The legal effect will be the same where the soldier has been twice successively tried, and has received at each trial a term or quantity of the same punishment, but the first sentence has not been promulgated as approved, or has not commenced to be executed, at the date of the second sentence. Here the second sentence, when approved, will be cumulative upon the first. See par. 1029, Army Regs., containing ruling of the Sec. of War in concurrence with a previous opinion of the Judge Advocate General.

It may be added that a punishment, to be cumulative, must be one capable of being independently executed. Where a court-martial has imposed upon an accused a penalty which, from its nature, cannot be executed more than once, as dishonorable discharge or forfeiture of all pay, and such penalty has been approved and has taken effect, it will be futile and superfluous to repeat it in framing a subsequent sentence. In such a case, the court will, in the first instance, have exhausted its power over the subject, so far as concerns the particular penalty.[75]

Under all the circumstances, I am forced to the conclusion that the two sentences involved in this case must be served consecutively, and that the writ must be denied.