Howey, J.,
delivered the opinion of the court:
The first item of the claim is for mileage from Manila by way of Honolulu to Shanghai, thence to Yokohama and Honolulu to San Francisco. The travel was performed after the passage of the Navy personnel act, but before the act of March 3, 1901 (2 Supp. R. S., 1533), which provides that “Actual expenses only shall be paid for travel under orders outside the limits of the United States in North America.”
Under the thirteenth section of the Navy personnel act (30 Stat. L., 1Ó07), it was provided that after June 30,1899, commissioned officers of the line of the Navy and of the medical and pay corps should receive the same pay and allowances, except forage, as then or thereafter to be provided for officers-of corresponding rank in the Army. The act of March 3, *73 1899, making appropriations for the support of the Regular and Volunteer Army for the fiscal year ending June 30, 1900, contained provisions for mileage, but limited reimbursements to actual expenses in certain cases as follows:
li Provided further, That actual expenses only shall be paid to officers traveling to and from our island possessions in the Atlantic and Pacific oceans.” (30 Stat. L., 1068.)'
It is not denied that mileage is an allowance, but it is contended for the Government that the travel performed under the order appearing in this case was travel from our island possessions in the Pacific Ocean to the United States within the meaning of the proviso relating to mileage in the act making appropriations for the Army. The claim was rejected by the accounting officers, however, for a different reason. Actual traveling expenses were allowed. On the subsequent, presentation of a claim for mileage the demand for the statutory sum was disallowed upon the substantial waiver growing-out of the presentation and allowance of the amount actualty expended on the journey. (In re Leigh, Comp. MS. Dec., May 12, 1900.)
When the officer was detached from the flagship on the Asiatic station the fleet paymaster presumably furnished him with transportation under the order which authorized him to depart. If the officer was entitled to mileage by law the order of the rear-admiral to proceed on transportation to be furnished did not take from plaintiff his right to mileage. Nor did the officer’s acceptance, in itself, of the transportation deprive him of the privilege of claiming and receiving- the amount provided by statute. The fact that he traveled on the transportation supplied by the paymaster of the fleet, paid his other expenses, and on arriving in California collected these expenses from the treasury, does not necessarily imply that he waived his legal rights. There was no consideration to support a waiver. It is not in this case to decide whether for a consideration received by him the officer could waive his right, but enough to saj^ that no consideration appears to bar a further claim for mileage subject to proper deduction for the amount received on the first account.
*74 It is urged that Manila was the starting point and San Francisco the objective; and, as plaintiff was ordered to perform and did perform a small duty in China on the way from Manila- to San Francisco, the travel was from a point in one of our island possessions to the continental limits of the United States.
The continuity of the journey was broken by the stop in China. The officer was ordered from Manila to do duty in' a foreign land. Pie went there pursuant to an order. The ultimate destination was subject to the interruption of official duty elsewhere. True, there appears embodied in the order permission for the officer to delay a month en route, but above that was the command to report at Shanghai to the senior naval officer present, for duty, as a member of a board .of appraisers of the U. S. S. Monocacy. The first essential of the order subjected the officer to the performance of whatever duty might be assigned to him in connection with the duties of that board. After' he entered upon the performance of the duty thus assigned, the time he was engaged in its performance became immaterial "to the claim for pay for mileage. He was on duty in obedience to the order of his superior officer in a foreign country. When he undertook t.ie home journey, after these duties were ended, China was the starting point. This entitled the officer to mileage.
As it is shown that plaintiff’s traveling expenses and transportation amounted to $237.89 and the mileage' account at 7 cents a mile for 9,410 miles aggregates $658.70, the account for mileage is subject to the deduction of the cost of transportation' and incidental traveling expenses already-paid. Accordingly, plaintiff is entitled to judgment for the difference.
As to the second item of the claim, plaintiff is not entitled to a commutation of the sea ration not received. (Charles M. Thomas v. United States, post, p. —.)
Judgment will be entered for the mileage unpaid, aggregating $420.81, in favor of plaintiff.