Barney, J.,
delivered the opinion of the court:
The plaintiff, a private soldier in the army, was discharged at Taku, China, October 20, 1900, that being the date of the expiration of his term of enlistment. He was carried from thence to San Francisco on a government transport, being furnished subsistence en route, and has received travel pay from that place to Vancouver Barracks, Wash., the place of his enlistment. This suit is brought to recover travel pay at the rate of 4 cents a mile from Taku, China, to San Francisco, Cal., less the subsistence furnished as stated.
The statute under which this claim is sought to be sustained is the act of May 26, 1900 (31 Stat. L., 210), which provides:
“ That hereafter * * * an enlisted man when discharged from the service, except by way of punishment for an offense, shall receive four cents per mile from the place of his discharge to the place of his enlistment, enrollment, or original muster into the service: Provided further, That for sea travel on discharge to, from, or between our island possessions, actual expenses only shall be paid to officers and transportation and subsistence only shall be furnished to enlisted men.”
The law upon the subject of travel pay of discharged soldiers, prior to the act above quoted, was section 1290, Revised Statutes, as follows:
“ When a soldier is honorably discharged from the service, except by way of punishment for an offense, he shall be al *362 lowed transportation and subsistence from the place of his discharge to the place of his enlistment, enrollment, or original muster into the service. The Government may furnish the same in kind, but in case it shall not do so, he shall be allowed travel pay and commutation of subsistence, according to his rank, for such time as may be sufficient for him. to travel from the place of discharge to the place of his enlistment, enrollment, or original muster into service, computed at the rate of one day for every twenty miles.”
There would seem to be but little room for doubt that the act of May 26,1900, is in effect a repeal of section 1290, and is the present law upon the subject in question. The attorney who appeared for the defendants contends, however, that the act of June 6,1900 (31 Stat. L., 708), has a bearing upon this subject, and that taking the three statutes together, section 1290, Revised Statutes, is not repealed. There might be some force in this contention were it not for the fact that the latter statute contains the following provision: “Provided further, That the provisions of this act shall apply only to cases that have arisen or shall arise under orders or instructions for discharge with travel pay issued between April twenty-first, eighteen hundred and ninety-eight, and the passage of this act.” It is thus seen that the latter act has no application to the case of the plaintiff, and in fact was only applicable to a certain class of cases, and at the most makes no permanent change to either of the statutes before quoted. For this reason it is not quoted in full in this opinion.
It is also argued on behalf of the defendants that section 1290 is not repealed by the act of May 26, 1900, because this can only be said to be done by implication; and that repeals by implication are not favored. While that is unquestionably one of the rules for the interpretation of statutes, it is just as well a settled rule of interpretation that when two acts are absolutely repugnant the latter act repeals the former. (United States v. Tynen, 11 Wall., 88.) It was said in the case cited:
“ When there are two acts on the same subject the rule is to give effect to both if possible. But if the two are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as *363 a repeal of the first; and even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act.” (Id., 92.)
Section 1290 provides: “When a soldier is discharged from the service * * * he shall be allowed,” etc. The act of May 26, 1900, provides: “ That hereafter * * * an enlisted man when discharged from the service * * * shall receive,” etc. Thus it appears that the repeal by implication is quite as clear as though the former statute had been repealed in terms.
It is contended that because the plaintiff was transported from China to San Francisco free of expense to himself he is not entitled to the mileage provided by the act of May 26, 1900. A similar contention was made by the defendants in Thomas v. United States (38 C. Cls., 70), and the court said: “ If the officer was entitled to mileage by law the order of the rear-admiral to proceed on transportation to be furnished did not take from plaintiff his right to mileage. • Nor did the officer’s acceptance, in itself, of the transportation deprive him of the privilege of claiming and receiving the amount provided by statute.”
It appears that pursuant to a decision of the Comptroller of the Treasury rendered May 14, 1903, it has since been the uniform practice to pay soldiers discharged in China travel pay at the rate of 4 cents per mile, as claimed in the present case. The claim of the plaintiff, however, Avas presented to the Treasury Department before the rendition of that decision and rejected; and under the practice of that office was considered closed and settled. This uniform construction of the statute under consideration would have much weight even if we considered it doubtful in its terms. (Sweet v. United States, 189 U. S., 471; United States v. Moore, 95 U. S., 760, 763; Galm v. United States, 39 C. Cls., 55, 66.)
It is the decision of the court that the act of May 26, 1900, supra, is the law governing this case, and that under said act the plaintiff is entitled to recover the sum of $266.25, as claimed in the petition, and judgment for the claimant in that sum is ordered.