DISTRICT OF COLUMBIA, Appellant,

v.

James T. REILLY, Committee for Bryan
Andrew Reid, Appellee.

No. 13640.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 23, 1957.

Decided Oct. 31, 1957.

Messrs. William W. Pavis and Hubert
B. Pair, Asst. Corporation Counsel for
the District of Columbia, with whom
Messrs. Chester H. Gray, Corporation
Counsel, and Milton D. Korman, Princi-
pal Asst. Corporation Counsel, were on
the brief, for appellant.

Mr. James T. Reilly, Washington, D.
C., for appellee.

Messrs. F. J. Fitzgerald, Chief Attor-
ney, Veterans Administration, and Ed-
ward E. Odom, Jr., Asst. Chief Attorney,
Veterans Administration, Bethesda, Md.,
filed a memorandum on behalf of Mr. H.
V. Higley, Administrator of Veterans
Administration, as amicus curiæ, urging
affirmance.

Messrs. William F. Hickey and Francis
W. Stover, Washington, D. C., filed a
brief on behalf of Veterans of Foreign
Wars of the United States as amicus
curiæ, urging affirmance.

Before EDGERTON, Chief Judge, and
BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

Appellee, the committee of a patient in
St. Elizabeths Hospital, has funds that
were duly paid to appellee by the Veter-
ans Administration because the patient
is a veteran. Appellee has no other funds
of the patient. With irrelevant excep-
tions, the Veterans Act provides that
payments of benefits "to, or on account
of, a beneficiary under any of the laws
relating to veterans shall be exempt from
taxation, shall be exempt from the claims
of creditors, and shall not be liable to
attachment, levy, or seizure by or under
any legal or equitable process whatever,
either before or after receipt by the
beneficiary." 38 U.S.C.A. § 454a; 49
Stat. 609, as amended, 54 Stat. 1195.

The District of Columbia brought this
suit to require appellee to reimburse it
for payments it formerly made to the
Hospital for the patient's maintenance
and treatment. With respect to pay-
ments made before the committee was
appointed, the court denied the claim and
the District appeals. The court was
clearly right, despite the statutes, D.C.
Code (1951) § 21–307, 33 Stat. 740;[1]

---

1. We doubt the correctness of an annota-
tion in D.C.Code (1951) Supp. V to the
effect that this section is repealed by
52 Stat. 631, § 16. We need not de-
cide this question.

D.C.Code (1951) § 21–318, 53 Stat. 1298, that require a committee to pay the District for an incompetent's care. In the circumstances of this case the Veterans Act, which we have quoted, forbids recovery on the appealed claim.

With respect to payments made by the District after the committee was appointed, the trial court granted the District's claim. The District's brief concedes that "Manifestly if, under the section quoted above, the funds in the patient's estate are exempt from the claim of the District of Columbia for reimbursement for money expended prior to the appointment of a committee, such funds are exempt from any such claim of the District of Columbia for moneys expended subsequent to the appointment of a committee." This concession is probably correct. However, the question is not before us for decision, because the committee failed to appeal.

Affirmed.