ALLAN M. HALE *vs.* CHARLES M. GRAVALLESE, guardian, & another.

Suffolk.    November 3, 1959. — April 28, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Veteran.    Pension.    Words,* "Investment."

United States savings bonds and a savings bank account in which sums received by a guardian of a veteran from the Veterans' Administration for the veteran's disability pension were invested were not exempt under 38 U. S. C. (1952) § 454a, from the claim of a creditor of the veteran.

PETITION, filed in the Probate Court for the county of Suffolk on September 24, 1958.

Following the decision reported *ante,* 96, a further report of material facts was made by *Keville,* J.

*George N. Welch, (Francis L. Swift* with him,) for the respondents.

*Gerald P. Walsh, (Allan M. Hale* with him,) for the petitioner.

WILLIAMS, J.    This case was previously before us.    *Hale* v. *Gravallese, ante,* 96.    We retained it (G. L. c. 231, § 125A) to obtain from the trial judge findings as to the nature and form of the corpus of the estate held by the guardian in order to determine what part, if any, of the estate is exempt from the claim of the petitioner under 38 U. S. C. (1952) § 454a.    That section provides that veterans' disability "payments made to, or on account of, a beneficiary . . . shall be exempt from . . . the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

The judge of the Probate Court now reports that it has been the custom of the present and prior guardians to cash

the checks received from the Veterans' Administration for a veteran's disability pension, and, after paying outstanding bills of the ward, to deposit the balance of cash in the East Boston Savings Bank in the name of the guardian. From time to time the guardian would withdraw substantial sums from this account and invest the amounts withdrawn in United States Series E savings bonds. On January 13, 1959, when the case was heard in the Probate Court the estate of the ward consisted of such savings bonds totaling $13,500 and a deposit in the savings bank of $6,405.02. This "allocation of the corpus of the guardianship funds has been maintained up to the present time" (March 1, 1960).

In view of these findings we are of opinion that neither the savings bonds nor the savings account is exempt from being applied by the guardian in satisfaction of the petitioner's claim. The exemption of a veteran's disability pension does not extend to property in which the pension payments are invested after receipt. *Carrier* v. *Bryant,* 306 U. S. 545. It was said in *In re Bowen,* 141 Ohio St. 602, 607–608, "An 'investment' as that word is commonly used and understood is the placing of capital or laying out of money in a way intended to secure income or profit from its employment," and held that a checking account is subject to the exemption but that savings accounts and United States bonds are not.

We have already decided that the decree of the Probate Court should be modified to provide for an award of $5,026.30. The decree should further be modified to include an order for payment by the guardian to the petitioner of the amount of the award from the part of the ward's estate which is invested as aforesaid. As so modified the decree is affirmed.

*So ordered.*