**Tressie SAVOID, Committee of George David Savoid, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 15903.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 25, 1961.

Decided Feb. 23, 1961.

---

Mr. John D. Fauntleroy, Washington, D. C., for appellant.

Mr. Richard W. Barton, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Prin-

cipal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief for appellee.

Before Mr. Justice REED, retired,* and WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant is the mother and court-appointed Committee of an incompetent veteran who was committed to St. Elizabeths Hospital on December 8, 1953. She has challenged the District Court's order that she reimburse the District of Columbia in the amount of $4,165.10 for the expenses of treatment from September 9, 1954, to November 7, 1956, when the veteran was transferred to the rolls of the Veterans Administration which now bears the costs involved. She relies mainly [1] upon a provision of 38 U.S.C. § 3101 (1958) which exempts from the claim of "creditors" payments of benefits, due or to become due under any law administered by the Veterans Administration.

The District's argument may be paraphrased thus. As an instrumentality of Government the District is not a voluntary "creditor." It had not, unlike a private institution or an individual citizen, extended credit to the veteran. On the contrary, Congress in furtherance of a benign policy had by statute provided for St. Elizabeths,[2] and the District Court by its order had committed the

veteran to that hospital's care.[3] For the actual cost of maintenance and treatment, the Committee is liable to the District,[4] at least from the date of her appointment, August 26, 1954. Accordingly, subsistence charges imposed pursuant to public authority may be recovered from a guardian or committee who in an official capacity, that is *after* appointment, has received the ward's disability payments from the Veterans Administration.[5] Not being a "creditor" in such circumstances, the District of Columbia is not here barred by the statute from securing reimbursement.

■■ We conclude that the District's position is correct. Various state courts have likewise decided that a governmental authority required by law to care for an incompetent veteran is not a "creditor" under circumstances comparable to those presented by this record. See, e. g., Department of Public Welfare v. Sevcik, 1960, 18 Ill.2d 449, 164 N.E.2d 10; In re Bemowski's Guardianship, 1958, 3 Wis.2d 133, 88 N.W.2d 22; In re Lewis' Estate, 1938, 287 Mich. 179, 283 N.W. 21. We hold only that the District was entitled to reimbursement for the actual cost of the maintenance, including treatment, of the incompetent veteran, for the period commencing September 9, 1954, and expiring November 7, 1956, when the ward was transferred to the rolls of the Veterans Administration. This disposition makes it unneces-

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

1. She also points to District of Columbia v. Reilly, 1957, 102 U.S.App.D.C. 9, 249 F.2d 524, where we held that the District was not entitled to recover amounts paid for a veteran patient's care *before* the Committee was appointed.

2. See D.C.Code, §§ 32–401 to 32–417g (1951).

3. The court initially might have committed the insane person to the custody of the Veterans Administration agreeably to D.C.Code, § 21–315 (1951); apparently Veterans Administration facilities were not available until November 1956.

4. D.C.Code, § 21–318 (1951); and see Fitzhugh v. District of Columbia, 1940,

71 App.D.C. 290, 109 F.2d 837, and cases cited.

5. 38 C.F.R. § 13.339(b) (1959) provides in pertinent part:
   "These statutes make no distinction between claims of creditors arising before or after the appointment of a fiduciary or before or after adjudication of insanity. Proper expenses incurred by the fiduciary *after* appointment and in accordance with law are obviously not comprehended by the statutes." (Emphasis added.) It has long been the rule that such a construction given to a statute by those charged with its administration is entitled to great weight. United States v. Moore, 1878, 95 U.S. 760, 763, 24 L.Ed. 588.

sary to consider the District's further contention that the disability funds on deposit in the bank had become "investments" subject to levy.[6]

Affirmed.

·6. Cf. Hale v. Gravallese, Mass.1960, 166 N.E.2d 557; Auditor General v. Olezniczak, 1942, 302 Mich. 336, 4 N.W.2d 679; but see, re bank balances as "invest-

ments," Lawrence v. Shaw, 1937, 300 U.S. 245, 250, 57 S.Ct. 443, 81 L.Ed. 623.