**DISTRICT OF COLUMBIA, Appellant,**

v.

**Gordon Allison PHILLIPS, committee of James H. Hatton, Patient, Appellee.**

**No. 18902.**

United States Court of Appeals District of Columbia Circuit.

Argued March 2, 1965.

Decided May 13, 1965.

---

Mr. Richard W. Barton, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellant.

Mr. Gordon Allison Phillips, Washington, D. C., for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and WASHINGTON and WRIGHT, Circuit Judges.

PER CURIAM:

The District of Columbia brought this action for reimbursement under 21 D.C. CODE § 307 (1961) for funds expended in caring for appellee's ward, James H. Hatton, following his civil commitment pursuant to 21 D.C.CODE § 314 (1961).[1] The expenses were incurred between August 5, 1947, the time of the commitment, and April 29, 1952, at which time Hatton was transferred to the rolls of the Veterans Administration. A committee had been appointed for him on March 5, 1952. In the court below appellee asserted that, since Hatton's entire estate was derived from veteran benefit payments, the estate was exempt from the District's claim under 38 U.S.C. § 3101.[2] The trial judge, relying on our decision in Savoid v. District of Columbia, 110 U.S.App.D.C. 39, 288 F.2d 851 (1961), entered judgment for appellant as to the period from March 5, 1952, to April 29, 1952, the period following the appointment of Hatton's committee. No appeal is taken from this part of the judgment. For the period preceding the appointment of the committee, the trial judge entered judgment for appellee based on our decision in District of Columbia v. Reilly, 102 U.S.App.D.C. 9, 249 F.2d 524 (1957).

We agree that the *Reilly* case controls to make 38 U.S.C. § 3101 applicable.[3] However, it does not follow that Hatton's entire estate is exempt. In Porter v. Aetna Casualty & Sur. Co., 370 U.S. 159, 162, 82 S.Ct. 1231, 1233, 8 L.Ed.2d 407 (1962), the Supreme Court held veteran benefit payments exempt only so long as they "are readily available as needed for support and maintenance, actually retain the qualities of moneys, and have not been converted into permanent investments."

Since it appears that Hatton's estate includes assets which would not be covered by this test, we remand the case to the District Court for a determination of what part of the estate should be subject to the claims of the District.

So ordered.

1. The District of Columbia Code sections cited were recently revised by the District of Columbia Hospitalization of the Mentally Ill Act, Public Law 88–597, 78 STAT. 944, 21 D.C.CODE §§ 351–366 (Supp. IV 1965). However, the law relating to this case was not changed in any material respect. See Section 19(b) of the Act, 78 STAT. 953.

2. 72 STAT. 1229, 38 U.S.C. § 3101, provides in pertinent part:

"(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt * * * from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. * * *"

3. While the reasoning of the later *Savoid* opinion appears inconsistent with the decision in *Reilly*, the distinction drawn in *Savoid*, 110 U.S.App.D.C. at 40 n. 1, 288 F.2d at 852 n. 1, is not without support both in law, *e.g.*, In re Bemowski's Guardianship, 3 Wis.2d 133, 88 N.W. 2d 22 (1958), and in reason. Disallowing the claim for expenses which accrued before the appointment of a committee protects the estate from depletion by claims accruing before it is protected by "the watchful eye of a guardian." See In re Bayly's Estate, 95 Cal.App.2d 174, 212 P.2d 587, 591 (1949).