FRANCIS J. MORAN, guardian, *vs.* ANNE DESMOND & another. July 20, 1976. 1. We are not persuaded by any of the reasons advanced by the former wards for disturbing the decree of the Probate Court in so far as it allowed the charges for services rendered by the guardian's wife. The charges were not objectionable on the ground that some or all of them may have been paid from principal rather than income. Newhall, Settlement of Estates, § 389, at 552-553 (4th ed. 1958). See *Dawes* v. *Howard,* 4 Mass. 97, 99 (1808); *Commonwealth* v. *Graham,* 157 Mass. 73, 76 (1892); *Hale* v. *Gravallese,* 340 Mass. 722 (1960). The contention that their inclusion in the guardian's amended accounts was an afterthought, and therefore improper because not based on any prior understanding, is sufficiently answered by the records the wife maintained for the guardian from the outset and by the unamended accounts periodically filed by him on the basis of those records, which included those charges (though in a slightly greater aggregate amount and in the form of food and utilities rather than cash) and demonstrate that neither the guardian nor his wife ever intended her services to be gratuitous. See *Melanefy* v. *O'Driscoll,* 164 Mass. 422, 423 (1895). Compare *Thurston* v. *Perry,* 130 Mass. 240, 241-242 (1881); *Macomber* v. *King,* 288 Mass. 381, 383 (1934), and cases cited. Contrast *Mulhern* v. *McDavitt,* 16 Gray 404 (1860); *Shurtleff* v. *Rile,* 140 Mass. 213, 215-216 (1885). The general finding of the auditor (facts final) that the amounts so charged were "reasonable and proper and constitute[d] fair compensation for the services she rendered to the Desmond children" was obviously based in large measure on subsidiary facts not expressly found by him as to the amount of time spent by the wife in performing each of the services in question and the dates on which she performed them and, because the wards filed no objection to that general finding nor any motion to recommit for the purpose of obtaining further subsidiary findings relative thereto, we are bound by it. *Bills* v. *Nunno, ante,* 279, 281-283 (1976), and cases cited. The wards' remaining arguments concerning the wife's charges are completely without merit. 2. The con-

tention that the guardian should have been charged half the fair rental value of the wards' apartment during its occupancy by him and his family appears not to have been made to the auditor, nor was evidence of the fair rental value offered. We so interpret the second full paragraph on the third page of the auditor's report, with respect to which no objection or motion to recommit was filed. Compare *Abdallah* v. *Boumil,* 2 Mass. App. Ct. 829, 830 (1974); *DiGiacomo* v. *Balboni,* 3 Mass. App. Ct. 749 (1975), and cases cited. In any event we do not read *Mulhern* v. *McDavitt, supra,* to have held that the Probate Court had no discretion in the matter. *McCarthy* v. *Adams,* 263 Mass. 300 (1928), is distinguishable, as the executor's occupancy in that case was purely for his own benefit and not for that of the estate or the beneficiaries. 3. While there was error in the judge's failure (apparently due to oversight) to make any order concerning the unexpended balance of the insurance proceeds paid to the guardian upon the deaths of two of the wards (especially in light of the statements in the brief filed by the guardian in the Probate Court that he held the proceeds in his fiduciary capacity and sought instructions as to their disposition), the assertion by the surviving wards that they are entitled to the proceeds is unsupported by the record before us — which is insufficient to permit us to determine to whom the proceeds should be paid. The case must therefore be remanded for a determination, based on further findings, of the identity of the person or persons entitled to the insurance proceeds and for the entry of an order for their disposition in accordance with that determination. 4. We are satisfied that none of the guardian's acts complained of by the wards was such as to require denial of the compensation claimed by him for his services. Though it was improper for him to name himself (in his fiduciary capacity) as beneficiary of the insurance policies (compare *Day* v. *Old Colony Trust Co.* 228 Mass. 225, 229 [1917]) and to commingle the proceeds thereof with his personal funds (see Newhall, Settlement of Estates, § 110, at 330-331, § 388, at 545 [4th ed. 1958]), under all the circumstances "it was within the discretion of the judge to allow, deny or reduce the petitioner's compensation. . . . While the exercise of such discretion is subject to review on appeal . . . we are not disposed to revise it." *Wasserman* v. *Locatelli,* 343 Mass. 82, 87 (1961). 5. The decree is vacated and the cause remanded to the Probate Court for the further proceedings (including such evidentiary hearings as may be necessary) required in part 3 hereof. None of the parties is to have the costs of appeal.

*So ordered.*

*Ronald W. Fox* for Anne Desmond & another.