Louis Kerlinsky vs. Commonwealth & another.[1]

Hampden.   October 7, 1983. — February 13, 1984.

Present: Grant, Brown, & Kass, JJ.

*Public Welfare*, Supplemental security income payments, Attorney's fees. *Social Security Act. Lien*, Attorney's lien. *Attorney at Law*, Lien.

Although, as a result of an attorney's successful representation of two claimants to supplemental security income before the Social Security Administration, the Commonwealth received reimbursement under 42 U.S.C. § 1383(g) for interim assistance payments it had made to the claimants, an attorney's lien against the funds received by the Commonwealth was precluded both by Federal law and by the attorney's failure to give the State Treasurer written notice of the lien as required by G. L. c. 221, § 50A. [502-504]

Civil action commenced in the Superior Court Department on December 23, 1981.

The case was heard by *Murphy*, J.

*Louis Kerlinsky* pro se.

*H. Reed Witherby*, Assistant Attorney General, for Department of Public Welfare.

Kass, J.   Two claimants to Supplemental Security Income (SSI) engaged Mr. Louis Kerlinsky, a lawyer, to represent them before the Social Security Administration.[2]   In that endeavor he enjoyed success; in collecting a fee he failed.   Mr. Kerlinsky thereupon brought an action against the State Department of Public Welfare asserting an attorney's lien.   Both parties moved for summary judgment on the main counts in the complaint and the Commonwealth's

---

[1] The Department of Public Welfare.

[2] Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385 (1976).

motion was allowed.[3] Judgment entered accordingly, triggering this appeal.

Some grasp of the connection between SSI payments and reimbursement of interim assistance payments under 42 U.S.C. § 1383(g) (1976) helps in understanding the role of the Commonwealth in this case. SSI is designed to meet basic subsistence needs of aged, blind, and disabled persons. To bridge the delay between the time of application for SSI and receipt of the first check — this can run to more than six months — Congress provided in § 1383(g) that the Secretary of Health and Human Services (Secretary) may reimburse States which have advanced money ("interim assistance") against anticipated SSI payments. The Social Security Administration's check travels directly to the State, which reimburses itself for interim assistance, and pays the balance, if any, to the SSI recipient. 42 U.S.C. § 1383(g)(4) (1976).[4] That is what happened here with Mr. Kerlinsky's clients. As to one of them, the Commonwealth retained the entire SSI check ($5,819.97); as to the other, the record is unclear whether any balance was left to the SSI claimant.

It is readily apparent that the Commonwealth profited from Mr. Kerlinsky's labors, a subject about which we comment later in this opinion. His exertions, however, were on behalf of the clients who employed him and he cannot, under the pertinent Federal and State statutes and regulations, look to the Commonwealth for redress.

1. *Federal law provisions.* Congress foresaw that the pursuit of entitlement to SSI might require legal assistance and, in 42 U.S.C. § 1383(d)(2) (1976), authorized the Secretary to prescribe regulations for the recognition and pay-

---

[3] A motion to dismiss under Mass.R.Civ.P. 12(b), 365 Mass. 755 (1974), was allowed as to counts claiming relief on behalf of a class of persons similarly situated and under G. L. c. 93A. In view of our opinion about the main question, it is not necessary to consider the matters involved in the dismissal of those counts of the complaint.

[4] For a fuller exposition of the interim assistance program, see *Moore* v. *Colautti*, 483 F. Supp. 357, 362-364 (E.D. Pa. 1979), aff'd, 633 F.2d 210 (3d Cir. 1980).

ment of claimant's representatives. Those regulations appear in 20 C.F.R. §§ 416.1500 et seq. (1981). Specifically, the attorney must file a request for a fee;[5] the Social Security Administration approves the fee; but the Social Security Administration is not responsible for paying the fee. 20 C.F.R. §§ 416.1520, 416.1525, & 416.1540 (1981). Returning to the statute, the first subparagraph of 42 U.S.C. § 1383(d) applies the provisions of 42 U.S.C. § 407 (1976) to the payment of attorney's fees. The latter statute provides that "The right of any person to any future payment . . . shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." The statutory language is broadly phrased and announces a legislative objective of assuring that the flow of SSI funds to the ultimate recipient, by definition a person severely on the financial ropes, is not subject to attachment by creditors. *Philpott* v. *Essex County Welfare Bd.*, 409 U.S. 413, 415-416 (1973). Indeed, it was in reaction to the *Philpott* decision that Congress in August, 1974, enacted the interim assistance reimbursement provisions which now appear in 42 U.S.C. § 1383(g)(1) (1976). *Moore* v. *Colautti*, 483 F. Supp. 357, 363 (E.D. Pa. 1979), aff'd, 633 F.2d 210 (3d Cir. 1980). As to lawyers' fees, however, there was no retreat from the policy articulated in the House Conference Report on the SSI legislation: ". . . if the benefits which would be provided under this program are to meet the most basic needs of the poor, the benefits must be protected from seizure in legal processes against the beneficiary. Therefore, any amounts paid or payable

---

[5]Mr. Kerlinsky applied for a fee in the case of one of his clients, Rodriguez, and was authorized to charge her $1,750. The authorization provided, "You will have to look to the claimant for the fee . . . ." Nothing appears in the record to support an inference that Mr. Kerlinsky asked for, or received, authorization for a fee from the second client. As to count 4 of the complaint, therefore, which relates to Hutchinson's recovery, the judgment can be affirmed without further discussion.

under this program would not be subject to levy, garnishment, or other legal process, except the collection of delinquent Federal taxes. Also, entitlement to these benefits would not be transferable or assignable." 1972 U.S. Code Cong. & Admn. News 5142. See also *Baim* v. *Harris,* 515 F. Supp. 227 (N.D. Ohio 1981); *Franklin* v. *Secretary of Health & Human Servs.,* 525 F. Supp. 398, 399 (E.D. Mich. 1981), which make the point that Congress excluded from application to the SSI program the machinery contained in 42 U.S.C. § 406 (1976) for withholding funds to pay an attorney's fees in disability insurance cases under Title II of the Social Security Act. Compare *In re Treadwell,* 699 F.2d 1050, 1052 (11th Cir. 1983); *United States* v. *Devall,* 704 F.2d 1513, 1516-1517 (11th Cir. 1983). Contrast *Vaughn* v. *Califano,* 442 F. Supp. 185, 187-188 (E.D. Tenn. 1977); *Dolin* v. *Harris,* 501 F. Supp. 97, 98 (D. Md. 1980). SSI funds in the hands of the Commonwealth are not subject to attachment or lien by creditors and no exception was carved out in the statute for an attorney's lien.

2. *State law.* Had Federal law not precluded an attorney's lien in cases of this kind, no attorney's lien was preserved in any event. In order to assert an attorney's lien (see G. L. c. 221, § 50) against the Commonwealth, it is a condition that the lawyer serve written notice on the Treasurer of the Commonwealth that he claims such a lien. G. L. c. 221, § 50A. Mr. Kerlinsky left uncontroverted the Commonwealth's affidavits (in support of summary judgment) that the Treasurer had received no such notice as to either of Mr. Kerlinsky's clients.

As we observed earlier, the Commonwealth benefits from reimbursement of interim assistance by SSI payments. It would seem that the Department of Public Welfare, therefore, has an interest in having lawyers represent SSI claimants. It might wish to explore with the Secretary the adoption of procedures providing for payment of an attorney's fee appropriate in light of circumstances such as these.

*Judgment affirmed.*