LAZAR LOWINGER, guardian ad litem, *vs.* JOHN E. HERLIHY, conservator. January 2, 1985. *Probate Court*, Accounts, Revocation of judgment. *Fiduciary. Fraud.*

This is a conservator's appeal from a probate judge's allowance of a motion by a guardian ad litem to vacate the allowance of an annual account.

On January 2, 1978, John E. Herlihy was named conservator of the estate of Helen S. Thomas.[1] Each of his first two accounts was filed and allowed with the assent of a guardian ad litem. The conservator filed his third account on April 22, 1982, covering the calendar year 1981. On June 8, 1982, Mr. Lazar Lowinger was appointed guardian ad litem to "examine said account and the vouchers therefor and the securities, and report to [the Probate] Court." On June 14, 1982, Mr. Lowinger formally accepted the appointment. On the same day, and on the same form, he signed his name

---

[1] On May 18, 1984, Mr. Herlihy filed with this court a suggestion of Ms. Thomas' death.

below the following statement: "Having fully examined the above-described account, with the vouchers therefor and the securities, I hereby assent to the allowance of the same." On July 15, 1982, a probate judge approved the third account.

On October 15, 1982, Mr. Lowinger filed a motion to vacate the allowance of the account, alleging three grounds: failure of the conservator to provide him with tax returns; failure of the conservator to list or report tax payments; and failure of the conservator to give notice of his motion to allow the third account. A hearing was held on the motion to vacate on March 21, 1983, and the probate judge issued a report of material facts. The judge found that "Mr. Lowinger's assent to the allowance of the account was by inadvertence; that Mr. Lowinger's approval was 'penned in' by him without intent to ratify said account, and without appropriate examination of same." Accordingly, he allowed the motion. We agree with the result, but for somewhat different reasons.

General Laws c. 206, § 24, as appearing in St. 1950, c. 413 (expressly preserved by Mass.R.Civ.P. 72, as appearing in 371 Mass. 910 [1977], see *Dowd* v. *Morin*, 18 Mass. App. Ct. 786 [1984]), provides in part: "After a final decree has been entered on any account hereunder it shall not be impeached except for fraud or manifest error." The "clear purpose" of this section is "to make . . . accounts final, as a general rule, when allowed by the Probate Court." *National Academy of Sciences* v. *Cambridge Trust Co.*, 370 Mass. 303, 313 (1976) (Wilkins, J., dissenting in part). None of the three grounds stated in Mr. Lowinger's motion would have justified the reopening of the account, and the judge correctly did not base his decision on any of those grounds. He based it, instead, on Mr. Lowinger's error in signing his assent without having conducted any examination of the financial records, which error the judge characterized as inadvertent. Inadvertence of a guardian ad litem, without more, would not be a sufficient ground under the statute for reopening the account. See *Perry* v. *Perry*, 339 Mass. 470, 480 (1959). In our view of the undisputed facts, however, the issue of fraud is raised by Mr. Lowinger's statement on the form that, as of June 14, 1982, he had fully examined the account. The statement was false; he knew that it was false; and it was made on a court form which, as an attorney, he ought to have known would have been presented to, and acted upon, by the court.[2]

In determining whether particular conduct of a guardian ad litem constitutes fraud for purposes of reopening an account, our primary concern must be the protection of the ward. See *King* v. *Dolan*, 255 Mass. 236, 237 (1926), in which it was said that the discretion of a probate judge in appointing a guardian is "to be exercised with an eye single to the welfare of the ward." See also *Matter of Moe*, 385 Mass. 555 (1982). General Laws c. 206, § 24, requires that a guardian ad litem be appointed for a person who is

---

[2] Mr. Lowinger did conduct a partial examination of the account after its allowance on July 15, 1982, by a probate judge.

"legally incompetent to act in [her] own behalf." The requirement reflects a legislative recognition of the need of such persons for protection. The purpose of the appointment in this instance was to assure that the accounts would be examined by a competent, responsible, and disinterested person acting on the ward's behalf. That purpose would have been altogether frustrated, and the financial interests of the ward potentially prejudiced, if the unexamined account were allowed to become. final. In these circumstances, absent prejudice to some other party or interest,[3] it would be in the over-all interest of justice to allow the Probate Court the right to revoke its own decree so that a proper examination of the account by a guardian ad litem may be conducted.

The power of a Probate Court to revoke or correct a decree in the interest of justice has been recognized as broad. See *O'Brien* v. *Dwight*, 363 Mass. 256, 286 (1973), recognizing the power of a Probate Court "to revoke a decree where the interests of justice require such action." Accord *Child* v. *Clark*, 231 Mass. 3, 6 (1918); *Dolan* v. *Roy*, 286 Mass. 519, 521 (1934); *Chagnon* v. *Chagnon*, 300 Mass. 309, 311 (1938); *Azarian* v. *First Natl. Bank*, 383 Mass. 492, 496 (1981). This case does not present the occasion for a determination of the exact breadth of the inherent power of a Probate Court, however, since the misrepresentation by the guardian ad litem falls within the definition of fraud recognized for purposes of the statute in question. In *National Academy of Sciences* v. *Cambridge Trust Co., supra*, it was held that fraud for these purposes is broad enough to include even a negligent misstatement made without intent to deceive. Surely, then, it would include a false statement made by an attorney on a document which he should have known would have significant legal consequences. This is particularly so, where, other than by reopening the account, there may be no way for the Probate Court to assure that its purpose in appointing the guardian ad litem is not frustrated, that the ward's interest in the account is protected, and that she has a meaningful opportunity to be heard. A decree should be revoked "if procured by a fraud that operates to deprive an interested party of his day in court." *Jose* v. *Lyman*, 316 Mass. 271, 280 (1944). See *Dowd* v. *Morin, supra* at 790. Generally, fraud under the statute has involved acts on the part of a fiduciary rather than those of a guardian ad litem. From the point of view of protecting the interest of the ward, however, there is no reason why the statute would not apply equally to fraud committed by a guardian ad litem.

It follows from these conclusions that the probate judge did not err in vacating the allowance of the account, and that decision is affirmed. It also follows that the Probate Court must remove Mr. Lowinger as guardian ad litem and appoint another person to serve in that capacity for the purpose of examining the third account. The improprieties which resulted in the litigation in the Probate Court and this appeal are such that Mr. Lowinger

---

[3] Our attention has not been drawn to any such prejudice.

has forfeited his right to compensation for his services as guardian ad litem or reimbursement for the expenses of this litigation. G. L. c. 201, § 35; c. 215, § 45.

                                                                    *So ordered.*

*Eugene P. Flynn* for the conservator.
*Lazar Lowinger*, guardian ad litem.