## GUARDIANSHIP OF FREIDA.[1]

No. 95-P-721.

Worcester. June 11, 1996. - June 25, 1997.

Present: BROWN, PORADA, & FLANNERY, JJ.

*Guardian,* Incompetent person. *Probate Court,* Guardian, Incompetent person, Accounts.

In a guardianship proceeding in which the ward filed no written objection pursuant to Mass. R. Civ. P. 72(b)(1)(C) to the account filed by the guardian and in which no other party, including the guardian ad litem, made an objection, the judge properly could have regarded the account as being uncontested under Mass. R. Civ. P. 72(b)(7)(B)(ii): no evidentiary hearing on the ward's untimely oral objection was required. [47-48]

Where a probate judge's order revoking a guardianship decree was final regarding the guardian's account and where the ward did not preserve her objection on appeal from the order, this court would not hear the ward's claim that the guardian's time records were fraudulent; moreover, there was no evidence of fraud or harm to the ward apparent on the record. [48-49]

The anti-attachment statute, 42 U.S.C. § 407(a), was inapplicable to bar the payment of a guardian's fee chargeable to the ward's estate. [49-50]

A guardian's fee was properly set within the Probate Court judge's discretion. [50]

PETITION filed in the Worcester Division of the Probate and Family Court Department on June 10, 1988.

A motion to alter or amend an order authorizing certain guardianship fees was heard by *John J. Moynihan,* J.

*Steven C. Schlang* for the ward.

*Burton Chandler* for the guardian.

FLANNERY, J. Freida, the ward in this guardianship matter, appeals from an order of the Probate Court effectively authorizing the guardian to receive fees totalling $7,113, and from the denial of her amended motion to alter or amend that order. We affirm.

---

[1] A pseudonym.

On September 20, 1988, upon petition of the Department of Mental Health, the Probate Court entered a decree appointing an attorney as the ward's guardian.[2] In late 1993, the ward sought to discharge the guardian and to have a third party appointed as conservator. In February, 1994, after hearing, a Probate Court judge ordered the guardian to file accounts within thirty days and appointed a guardian ad litem to consider, inter alia, the appropriate disposition of funds held by the guardian consisting solely of the ward's retroactive social security benefits.

On March 17, 1994, the guardian filed an account (dated March 2) covering a six-year time span, showing receipt of income of $58,576.91, expenditures of $33,974.09, and a balance of $24,602.82.[3] In a written report dated December 6, 1994, the guardian ad litem stated that the guardian's accounting procedure was very difficult to follow and questioned certain of the guardian's actions.[4] One of the account expenditures was a fee paid to the guardian in the amount of $4,113, listed as a fee for obtaining the social security benefits, but which the guardian elsewhere characterized as a fee for services rendered to the ward over a period of years, supported by documentation showing hourly fees due. Despite minor discrepancies and inconsistencies throughout the account respecting income and expenditures, the guardian ad litem concluded that all money received was specifically put

[2]The docket indicates that the decree was entered on September 12, 1988.

[3]"An executor, administrator, guardian or conservator, or a trustee required by law to give bond to a judge of probate, shall render an account relative to the estate in his hands at least once a year and at such other times as shall be required by the court, until his trust is fulfilled; but the court may at his request excuse him from rendering an account in any year, if satisfied that it is not necessary or expedient that it should be rendered." G. L. c. 206, § 1. Although the guardian should have filed annual accounts in this matter, nothing here turns on his failure to have done so.

[4]Among other things, the guardian had received a lump sum payment of the ward's social security benefits which he divided into interest-bearing accounts for the ward's two children, believing that the money belonged to them rather than the ward. There appears to have been no basis for this; others had adopted the children prior to the guardianship decree. There also were time records showing work for drafting trust documents for the children and research done regarding placement of the children, matters which the guardian ad litem concluded were unnecessary.

into the ward's bank accounts, that the ward essentially confirmed that she had received all of the expenditures (which mostly were consistent with amounts the guardian received), that the guardian had not taken any other fee for services rendered as guardian apart from the $4,113, and that the guardian did not misappropriate any funds.[5] Notwithstanding the irregular recordkeeping and inordinate or unnecessary work, the guardian ad litem concluded that the guardian properly had performed services for which he was entitled to an appropriate fee. She concluded that the $4,113 fee already received was inadequate and recommended that the guardian receive an additional sum of $3,000.

At a pretrial conference on December 6, 1994, counsel for the ward orally objected to the guardian ad litem's recommendation respecting fees. The judge then issued the first order providing that a decree would issue discharging the guardian upon the filing and allowance of the ward's petition for conservatorship, that the guardian was to turn over to the conservator the balance of the funds less counsel fees upon issuance of such decree, and that the guardian was authorized to receive $3,000 in counsel fees from the ward's funds. After denial of the ward's amended motion to alter or amend, this appeal followed.[6]

1. *Lack of evidentiary hearing.* Initially, referring us to Mass.-R.Civ.P. 72(b)(6), as amended, 371 Mass. 913 (1977),[7] the ward asserts that the judge erred in failing to hold an eviden-

[5]In a hearing before the judge, the guardian ad litem described the discrepancies as being "off a few dollars here and a few dollars there" and stated that she believed they were due in part to the ward's practice of obtaining cash from the guardian, who would then reimburse himself from the ward's funds.

[6]Thereafter, the judge revoked the decree of guardianship, ordered that a decree of conservatorship enter, ordered the guardian to release $14,000 in the ward's funds to the conservator, and ordered the guardian to place the balance of the funds in escrow pending further order of the court. In a separate decision, the judge then adopted the contents of the guardian ad litem's report as his findings and found that a guardian's fee of $3,000 in addition to the amount previously received is reasonable under all the circumstances. These findings are implicit in and consistent with the orders appealed from, and we deem them to be properly before us.

[7]Rule 72(b)(6) of the Massachusetts Rules of Civil Procedure provides, in full: "*Contested Accounts: Hearings.* The accountant, any person whose objection is then on file, or the guardian ad litem may mark a contested account for hearing, or request that the court assign a hearing date; or the

tiary hearing on her challenges to the guardian's account. We disagree. Pursuant to Mass.R.Civ.P. 72(b)(1)(C), as amended, 371 Mass. 911 (1977), a party desiring to object to any item of an account must "file within thirty days after the return day (or such other time as the court, on motion with notice to the accountant, may order) a written statement of each such item, together with the grounds for each objection thereto[.]" The guardian's account was entered on the docket on March 17, 1994. The record establishes that counsel for the ward received the guardian's account and supporting documentation, and the ward does not claim lack of notice in any event. In these circumstances, we think the ward was required to file any objection to the account within thirty days of its filing or to seek leave of court by motion to file at some later time. The ward, however, neither filed a written objection, see *Dowd* v. *Morin*, 18 Mass. App. Ct. 786, 788 (1984), nor, to the extent that she asserts that further investigation of the account was necessary, did she seek to employ any of the mechanisms of discovery expressly preserved under rule 72. See Mass.R.Civ.P. 72(b)(4). Her counsel's oral objection, made at the hearing on December 6, was untimely. In this posture, and in view of the lack of objection from any other party including the guardian ad litem, the judge properly could have regarded the account as being uncontested under Mass.R.Civ.P. 72(b)(7)(B)(ii), as amended, 371 Mass. 913 (1977) ("An account shall be regarded as uncontested if: . . . the report of the guardian ad litem . . . shall be on file and contain no objection"). See *Dowd* v. *Morin*, 18 Mass. App. Ct. at 792.[8]

2. *Fraud.* "After a final decree has been entered on any ac-

court may, of its own motion, assign a hearing date." See also G. L. c. 206, § 3, which provides: "An executor, administrator, guardian, conservator, trustee or receiver may be examined on oath before the court upon any matters relative to his accounts." While § 3 authorizes a probate judge to conduct a hearing, the decision to do so is discretionary; contrary to the ward's argument, nothing in § 3 requires a judge to conduct an evidentiary hearing.

[8]The judge alternately described the additional award of $3,000 as guardian's fees or counsel fees. To the extent that it may have been an award of counsel fees, there was no requirement that the judge hold an evidentiary hearing, compare *Ross* v. *Ross*, 385 Mass. 30, 38-39 (1982); *Robbins* v. *Robbins*, 16 Mass. App. Ct. 576, 582 (1983), particularly where, as here, the account was uncontested and the guardian ad litem's report, on which the judge's finding was based, demonstrates that "the amount

count hereunder it shall not be impeached except for fraud or manifest error." G. L. c. 206, § 24(5), as appearing in St. 1950, c. 413. See *Dowd* v. *Morin, supra* at 789; *Lowinger* v. *Herlihy*, 19 Mass. App. Ct. 935, 936 (1985). On the record before us, no separate judgment has entered discharging the guardian. See *Dowd* v. *Morin, supra* at 790 n.10 ("Rule 72 changed the nomenclature in the case of accounts from 'decree' to 'judgment' "). In view of the entry of the decree of conservatorship which was contingent upon the guardian's discharge, we view the order revoking the guardianship decree as being final and comprehensive regarding the guardian's account. See *GTE Prods. Corp.* v. *Stewart*, 421 Mass. 22, 24 n.3 (1995), and *Fredericks* v. *Rosenblatt*, 40 Mass. App. Ct. 713, 714 n.2 (1996). The ward has not appealed from this order. In view of this, and her failure to preserve any objection to the account, we will not hear her argument that the guardian's time records are fraudulent. We note, however, that although we do not condone the improprieties set forth with detail in the report adopted by the judge, the report shows no evidence of misappropriation, negligent or otherwise, or any other harm to the interest of the ward. Compare *Moran* v. *Desmond*, 4 Mass. App. Ct. 828, 829 (1976). Contrast *Lowinger* v. *Herlihy, supra* at 935-937. See *Commonwealth* v. *Schmukler*, 22 Mass. App. Ct. 432, 435 (1986).

3. *The anti-attachment statute.* The ward asserts that the guardian's initial fee of $4,311 is barred by the anti-attachment statute, 42 U.S.C. § 407(a) (1994), which provides, in pertinent part: "[N]one of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process . . . ." See *Philpott* v. *Essex County Welfare Bd.*, 409 U.S. 413, 415-416 (1973); *Bennett* v. *Arkansas*, 485 U.S. 395, 397-398 (1988); *Kraft* v. *Commissioner of Pub. Welfare*, 398 Mass. 357, 363 (1986). In *Kerlinsky* v. *Commonwealth*, 17 Mass. App. Ct. 501, 504 (1984), we held that social security income may not be made subject to an attorney's lien. The language of the statute "is broadly phrased and announces a legislative objective of assuring that the flow of . . . funds to the ultimate recipient, by definition a person

awarded is not incommensurate with an objective valuation of the services performed[.]" *Ross* v. *Ross, supra.* See G. L. c. 206, § 16. See also *Grimes* v. *Perkins Sch. For the Blind*, 22 Mass. App. Ct. 439, 441 (1986).

severely on the financial ropes, is not subject to attachment by creditors." *Id.* at 503. The present case, however, does not involve the use of legal process by a creditor and thus, in our view, the statute is inapplicable. Compare *Fetterusso* v. *New York*, 898 F.2d 322, 327-328 (2nd Cir. 1990). We hold simply that where, as here, the Probate Court has made a finding that a guardian is entitled to a reasonable fee for services chargeable to a ward's estate, and a judge has approved such a fee, § 407 does not bar the payment of the fee out of the funds comprising the estate.[9] Compare *Conservatorship of Lambert*, 143 Cal. App. 3d 239, 244 (1983) (court approved payment of fees out of recipient's social security benefits to a representative payee filing an accounting in his capacity as recipient's court-appointed fiduciary). See *Commonwealth* v. *Schmukler, supra.* Cf. *Cohen* v. *Murphy*, 368 Mass. 144, 148 (1975) (exemption under § 407 does not prevent consideration of social security benefits in determining amount of child support to be ordered).

4. *The amount of the fee.* The total fee, which the judge found to be reasonable, was within the judge's considerable discretion. *Moran* v. *Desmond*, 4 Mass. App. Ct. at 829. *Quirk* v. *Carroll*, 13 Mass. App. Ct. 959 (1982).

> *Orders entered on December 14, 1994, and January 4, 1995, affirmed.*

---

[9]In a hearing, counsel for the ward did not argue that the guardian was not entitled to *any* fee, or that the guardian did not perform substantial services for the ward. Counsel also conceded that the guardian could have billed the ward for those services, and that the ward presumably would have paid the bill out of the social security benefits she received as her sole income. We stress that the issue before us, based upon the findings of the judge, is the reasonableness of the guardian's fee payable out of the ward's estate pursuant to the guardianship decree. There is no question of a fee payable under Federal law for services rendered respecting social security benefits, see the procedure discussed in *Kerlinsky* v. *Commonwealth, supra* at 502-503, as to which we express no opinion.