BINDER & BINDER, P.C., Plaintiff,

v.

Jo Anne BARNHART, Commissioner of the Social Security Administration Defendant.

No. 02–CV–2972.

United States District Court, E.D. New York.

Aug. 26, 2003.

575

Jeffrey Herzberg, Zinker, Gelfand & Herzberg, LLP, Smithtown, NY, for Binder & Binder, PC, Plaintiff.

Vincent Lipari, United States Attorneys Office, Eastern District of New York, Central Islip, NY, for Jo Anne B. Barnhart, Commissioner of the Social Security Administration, Defendant.

1. The facts are from the parties' Rule 56.1 statements unless otherwise indicated. The

## MEMORANDUM AND ORDER

PLATT, District Judge.

Before the Court are cross-motions for summary judgment. Plaintiff Binder & Binder, P.C. ("Binder" or "Plaintiff") moves for summary judgment in its declaratory judgment action against defendant Jo Anne B. Barnhart (the "SSA" or "Defendant"), in which Plaintiff seeks a declaratory judgment that it is entitled to retain $1,200 in fees it has already received from Defendant relating to Plaintiff's representation of a certain SSA claimant and that a certain Program Circular of the SSA is void. Defendant has cross-moved for summary judgment to dismiss the complaint in its entirety.

## BACKGROUND [1]

On July 21, 1998, the Defendant denied the initial application of Gail S. Delnegro ("Claimant" or "Delnegro") for Social Security disability benefits. Claimant resides in Toms River, New Jersey and is not a party to this action.

On August 25, 1998, Claimant retained Plaintiff to represent her in her application to the Social Security Administration for disability benefits. In connection therewith, Claimant executed (i) a Social Security Retainer Agreement and (ii) an Appointment of Representative, which were submitted to the Defendant. Additionally, on August 25, 1998, Claimant and Plaintiff executed an Expedited Fee Agreement in accordance with 42 U.S.C. § 406 (the "Agreement"). The Agreement provided that:

> The claimant and the firm of Binder and Binder ... agree that if claimant receives a fully or partially favorable decision, the legal fee owed by the claimant is equal to the lesser of 25% of the past-

parties agree that there is no genuine issue of material fact.

due benefits or $4,000. Under Social Security Regulations, 'past-due benefits' is the total amount of retroactive money to which the claimant and all family members become entitled ... [t]his fee agreement is only valid if a fully or partially favorable decision is rendered prior to oral testimony being taken at an administrative hearing before an administrative law judge.

On September 28, 1999, the SSA again denied Claimant's application for disability benefits. By letter dated November 30, 1999, Claimant discharged Plaintiff and advised him that she had retained Joseph Puzzarella ("Puzzarella") to represent her in her application for Social Security disability benefits. Claimant also advised the SSA of the change in representation and Puzzarella provided the SSA with a copy of the retainer agreement.

Plaintiff then notified the SSA that it would petition for fees if Claimant's application was granted and requested to be notified of the same. Plaintiff also notified Claimant that it intended to file a fee petition with Defendant for services already rendered.

On February 25, 2000, the SSA issued a fully favorable decision on the Claimant's application for Social Security disability benefits. The SSA also approved, as to form, the fee agreement with Puzzarella. By letter to the SSA dated March 24, 2000, Puzzarella requested a fee of $250. Puzzarella also enclosed a copy of an undated letter from Claimant in which she objected to payment of any fee to Plaintiff because of dissatisfaction with their services.

The SSA then notified Plaintiff that Claimant had been awarded benefits and enclosed a copy of the notice of benefits it sent to Claimant. This notice stated that because Claimant was represented by an attorney the SSA was retaining $4,116.75 of past due benefits, in the event the attor-

ney claimed fees in the maximum amount of 25% of past due benefits.

By petition dated July 5, 2000, Plaintiff asked SSA to approve fees in the amount of $1,200 for services that had been provided to Claimant. Plaintiff's petition was supported by a contemporaneous time account detailing 22.75 hours expended on Claimant's behalf.

Approximately six weeks later, Claimant and her husband filed a voluntary petition under Chapter 7 of the bankruptcy laws in the Bankruptcy Court for the District of New Jersey. According to this petition, Plaintiff's claim for fees was an unsecured, nonpriority claim which she disputed.

On January 3, 2002, Claimant received a discharge from the Bankruptcy Court under 11 U.S.C. § 727. Plaintiff contends that it was unaware of the Claimant's bankruptcy filing and discharge while it was pending.

By notice dated January 11, 2002, the SSA approved Plaintiff's fee request, but advised both Plaintiff and Claimant that they could contest the fee within 30 days. By letter dated the next day to the SSA, Claimant objected to the award of any attorney's fees to Plaintiff and re-iterated her dissatisfaction with Plaintiff's services. Claimant also advised SSA that she had previously filed for bankruptcy and that she had recently received a discharge in bankruptcy. Administrative Law Judge Stephen Wright then notified Plaintiff that Claimant had objected to Plaintiff's fee and that the fee would be reviewed. After receiving notice of Claimant's objection, Plaintiff responded by letter dated February 11, 2002, stating that the $1,2000 in fees was reasonable based on 22.75 hours of work.

Despite Claimant's objection, Plaintiff received the $1,200 authorized fee from the Defendant on March 21, 2002. On March

29, 2002, the Defendant demanded that the Plaintiff turn over the $1,200 to Claimant. Defendant stated that since Claimant had filed for bankruptcy protection the $1,200 had been paid in error.

On April 19, 2002, Defendant sent Plaintiff an Order vacating the January 11, 2002 authorization to charge and collect fees, pursuant to what Defendant refers to as Program Circular OCO 98–050 (the "Program Circular" or "98–050"), which provides that where a Bankruptcy Court discharges all of the claimant's debts, including the representative's fee, no fee may be authorized or paid by the Defendant.[2]

Plaintiff contends that Defendant's Program Circular is merely a policy and procedure manual that employees of the SSA utilize in evaluating SSA claims and that does not have the effect of a regulation, rule or statute. The Program Circular, in pertinent part, provides that:

> If the representative is an attorney ... up to 25 percent of the past due benefits on a claim must be withheld for direct payment of the attorney's fee.
>
> However, if the claimant files for bankruptcy and lists the representative as an unsecured debtor [sic], no action may be taken to authorize a fee until the bankruptcy is completed. If the bankruptcy court discharges all of the claimant's debts, including any fee for the representative, we cannot authorize or pay any fee to the representative. Any withheld benefits must be released to the claimant ... If the representative [attorney] provides a copy of the order of the Bankruptcy Court excluding him/her from the bankruptcy petition, we can proceed in the usual way.

Plaintiff seeks a declaratory judgment: (i) that the Program Circular is invalid and

must be stricken; (ii) Plaintiff had a valid debt for awarded fees that survived the bankruptcy discharge due to the failure of the Defendant to provide proper notification to and the opportunity for the Plaintiff to be heard before unilaterally vacating a property right; (iii) Plaintiff had a valid attorney charging lien that survived discharge; (iv) Plaintiff's attorney charging lien should not be turned over to Claimant; (v) the attorneys' fees awarded and due and owing as of the commencement of the bankruptcy case were not discharged by the Bankruptcy Court; (vi) the SSA remains liable for the payment of attorneys fees awarded.

On December 13, 2002, this Court referred the instant matter to the United States Bankruptcy Court for the District of New Jersey for a determination of the status of Plaintiff's claim, including whether the Bankruptcy Court would reopen the proceeding based on a finding that Plaintiff's claim had not been properly discharged. In three summary orders, Bankruptcy Judge Raymond T. Lyons: (i) dismissed Plaintiff's motion for the entry of a default judgment; (ii) dismissed Defendant's cross-motion for summary judgment; and (iii) ordered that the adversary proceeding was closed. These orders by the Bankruptcy Court confirm that, assuming there is no attorney charging lien, Claimant has no personal liability to Plaintiff following the issuance of bankruptcy discharge on January 3, 2002.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate where there are no genuine issues of material fact. Fed.R.Civ.P. 56(c). Material

---

2. Plaintiff claims that 98–050 is a Program Operational Manual System ("POMS"). Defendant maintains that 98–050 is a Program Circular. The difference is immaterial for the purposes of this motion.

facts are those which, under the applicable substantive law, may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is genuine where, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The parties, and the Court, agree that there are no genuine issues of material fact in the instant action.

## B. Summary of Positions

Plaintiff contends that an attorney charging lien against Claimant's past-due disability benefits establishes a federally protected property right which may not be modified or extinguished without the benefit of notice and a hearing. In essence, Plaintiff argues that Claimant's discharge in bankruptcy extinguished only Claimant's personal liability, but left Plaintiff's alleged attorney lien intact and enforceable against her Social Security benefits. Accordingly, Plaintiff argues that Defendant acted improperly in refusing to honor the attorney charging lien and in demanding return of fees it paid out of Claimant's benefits.

The SSA argues that 98–050 is a correct interpretation of the Bankruptcy Code because Plaintiff never had an attorney charging lien and 98–050 properly states that an attorney should not be awarded fees out of withheld Social Security benefits without proof that the claim was excepted from the discharge. The SSA contends that no lien arose because (1) under the doctrine of sovereign immunity attorney charging liens created by state statutes are unenforceable against the United States and its agencies and (2) under 42 U.S.C. § 407, Social Security benefits are

not subject "to execution, levy, attachment, garnishment, or other legal process, or to operation of any bankruptcy or insolvency law." Defendant contends that an attorney charging lien is "legal process" and therefore may not attach to Claimant's social security disability benefits. Therefore, the SSA maintains since Plaintiff had no attorney charging lien, its claim for fees was a personal, unsecured liability which was extinguished by Claimant's discharge in bankruptcy and the payment of such fees would violate the Bankruptcy Court's order.

## C. Attorney Charging Lien

■ Plaintiff's position is based entirely on the assertion that he possesses an attorney's lien on Plaintiff's Social Security benefits. Plaintiff contends that he has the lien pursuant to New York Judiciary Law § 475, which provides that "the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come." [3]

42 U.S.C. § 406 ("§ 406") provides that the Commissioner of Social Security "shall fix (in accordance with the regulations [prescribed by the Commissioner]) a reasonable fee to compensate such attorney for the services performed by him in connection with [the awarded] claim." This award to an attorney is made out of "past-due" benefits. 42 U.S.C. § 406(a)(4). In this case, Defendant did determine that Plaintiff was entitled to such a fee under § 406.

42 U.S.C. § 407(a) provides, however, that:

**3.** Plaintiff alternatively argues that if New Jersey law applies, the attorneys' lien is based on N.J.S.A. 2A.13–5. Since the difference between the New Jersey and New York law would not affect this Court's decision, the Court assumes for the purposes of this motion that New York law applies.

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to operation of any bankruptcy or insolvency law.

■ "The statutory language [of 42 U.S.C. § 407(a) ] is broadly phrased and announces a legislative objective of assuring that the flow of SSI funds to the ultimate recipient, by definition a person severely on the financial ropes, is not subject to attachment by creditors." *Kerlinsky v. Commonwealth,* 17 Mass.App.Ct. 501, 459 N.E.2d 1240, 1241 (1984). In this District, Judge Glasser has held that § 407 bars attorney charging liens otherwise created under state statute. *See Sokolowski v. Bowen,* 1987 WL 8089 (E.D.N.Y. Feb. 26, 1987) (stating that § 475 "appears to have no application to this action [and] counsel has not brought to the Court's attention any authority that would support the relief he seeks"). This Court concurs with Judge Glasser's reading of § 407(a) in *Sokolowski* and thus finds that the lien alleged by the Plaintiff does not exist.

■ Because the Court finds that no attorney charging lien is present and because no timely objection was made in the bankruptcy proceeding, the Plaintiff's contractual right to payment was discharged. The finding that unsecured claims against Claimant were discharged was reaffirmed when the Bankruptcy Court ordered the bankruptcy proceeding closed.

■ Moreover, although the SSA withholds up to 25% of the past due benefits, the claimant alone is responsible for the attorneys' fee. *See e.g. Wells v. Bowen,* 855 F.2d 37, 41 (2d Cir.1988) ("SSA fees are paid by the litigant to the attorney from the past-due benefits awarded"); *Muenich v. United States,* 410 F.Supp.

944, 948 (N.D.Ind.1976) ("all claimants who receive an award of benefits are paying for services of their attorney with their own money. The Administration merely deducts any fee awards from amounts due to a claimant and forwards it to the claimant's attorney directly"). Accordingly, since Plaintiff's liability to Plaintiff was discharged, the SSA appropriately ordered Plaintiff to return the payment made in error and without the SSA's knowledge of Claimant's bankruptcy discharge.

Because the Court finds that Plaintiff did not possess an attorney lien and Claimant's liability to Plaintiff was discharged by the Bankruptcy Court, the undersigned need not address whether the United States, and therefore the SSA, has waived sovereign immunity with respect to state attorney lien statutes or that there is an express and unequivocal waiver with respect 42 U.S.C. § 406. In short, the SSA may not be ordered to pay Claimant's attorney's fee out of Claimant's past-due benefits when this debt no longer exists.

Based on the record before this Court, including the most recent Bankruptcy Court orders, it is clear that the Bankruptcy Court has determined that Claimant's obligation to Plaintiff for an unsecured claim has been properly discharged. If the Bankruptcy Court had found otherwise, it could have reopened the proceeding. It did not do so.

## CONCLUSION

Plaintiff's motion for summary judgment is DENIED. Defendant's cross-motion for summary judgment is GRANTED. As applied in this case, Program Circular 98–050 is not contrary to law. The Clerk of the Court is directed to close this case.

SO ORDERED.